Seacove 1, LLC, Respondent, 
against
Dmitry Vaizburd, Appellant, et al., Undertenants.




Dmitry Vaizburd, appellant pro se.
Law Offices of Lauren K. Popper, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), entered June 23, 2014, deemed from a final judgment of the same court entered June 23, 2014 (see CPLR 5512 [a]). The final judgment, entered pursuant to so much of the order as granted, after a hearing, the branch of landlord's motion seeking the entry of a final judgment pursuant to a so-ordered stipulation of settlement of the same court (Eleanora Ofshtein, J.) dated August 8, 2013, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
The petition in this nuisance holdover summary proceeding alleges, among other things, that Dmitry Vaizburd, the tenant of a rent-stabilized apartment, and/or others have engaged in behavior, as more specifically set forth in the notice to cure and notice of termination, that created excessive and loud noises within the apartment which interfered with the other tenants' enjoyment of their respective apartments. Following negotiations, the parties entered into a "so-ordered" stipulation settling the proceeding; the stipulation was signed by landlord's attorney, tenant's attorney and tenant himself. By incorporation of the notice to cure and notice of termination, the stipulation prohibited tenant, during a one-year probationary period, from engaging in the aforementioned behavior, and, in the event of a breach of the stipulation by [*2]tenant, permitted landlord to move to restore the matter to the calendar for a hearing on the issue of whether the stipulation had been breached by tenant, and, upon such a determination, landlord would be entitled to a final judgment of possession and the issuance of a warrant of eviction. During the probationary period, landlord moved to restore the matter to the calendar for the court to determine whether tenant had breached the stipulation. After a hearing, the Civil Court, crediting the testimony of landlord's witnesses, which established that they had heard, among other things, "drilling" and "vibrating" noises, and pornographic sounds, from tenant's apartment during the probationary period, found that tenant had breached the stipulation and awarded landlord a final judgment of possession.
The evidence presented by landlord at the hearing was sufficient to establish prima facie that tenant had violated the terms of the stipulation. During the stipulation's probationary period, several neighboring tenants had heard repeated drilling and vibrating sounds at all hours of the day and night, and loud sounds from movies that tenant admitted were pornographic in nature. Thus, we decline to disturb the Civil Court's determination that tenant materially breached the stipulation of settlement.
Accordingly, the final judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 18, 2017